# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Ali A. Aladimi,

    Plaintiff,

v.

Hamilton County Justice Center, et al,

    Defendants.

Case No.: 1:09-cv-398

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court on Magistrate Judge Stephanie K. Bowman's February 1, 2012, Report and Recommendation ("Report") (Doc. 46)[1] and four corresponding motions: (1) Defendant Daniel Buzek's Motion to Dismiss (Doc. 23); (2) Defendant Hamilton County Justice Center's Motion to Dismiss (Doc. 32); (3) the Hamilton County Defendants' Motion for Judgment on the Pleadings (Doc. 35) and; (4) Plaintiff's Motion for Leave to Amend Complaint (Doc. 36). The Report makes three recommendations: (1) Plaintiff's First Amended Complaint should be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e); (2) to the extent that any of Plaintiff's claims are construed to survive initial screening, Defendants' motions to dismiss and motion for judgment on the pleadings should be granted; and (3) Plaintiff's motion for leave to file a second amended complaint should be denied. (Doc. 46, 38.)

The parties were given proper notice, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties may waive further appeal if

---

[1] All Court document citations are to CM/ECF Docket Entry numbers.

they fail to file objections in a timely manner. (Doc. 46, 40); *see United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Plaintiff has filed a timely Objection (Doc. 49).

This matter is ripe for review. For the reasons stated below, the Court OVERRULES Plaintiff's Objection, and the Report is ADOPTED in its entirety.

I.  **Background**

The Report accurately details the facts and procedural history of this case. (*See* Doc. 46, 1–6.) Accordingly, the Report's statement of facts and procedural history are adopted in full. There is no need to restate them here, but for convenience sake, the Court provides a brief summary of the most relevant facts.

Plaintiff is an Arab-American and a practicing Muslim. After pleading guilty to federal criminal charges, he was incarcerated at the Hamilton County Justice Center ("HCJC") numerous times over a six-year period. (Doc. 49, 2.) Plaintiff's First Amended Complaint (Doc. 18) alleges that Defendants Correctional Officer David McElroy, Lt. Jacqueline Reed, and Sgt. Michelle Moore (collectively the "County Defendants") and Defendant HCJC and Defendant Daniel Buzek, directly and through a conspiracy, violated Plaintiff's right to freely exercise his religion by denying him the ability to attend weekly Muslim services and interfering with his ability to pray. (Doc. 49, 2.) Plaintiff alleges that the County Defendants attempted to coerce him into supporting and participating in the Christian faith and discriminated against him because he is an Arab-American. (Doc. 49, 2, 3.) Plaintiff further alleges that Defendant Buzek, a pastor who conducted religious services at the HCJC, forced Plaintiff to listen to a hateful, anti-Islam sermon. (Doc. 49, 2–3.) Finally, Plaintiff alleges that Defendant McElroy

2

maliciously housed Plaintiff with homosexuals and that HCJC staff covered up a grievance relating to this conduct. (Doc. 49, 3–4.)

Plaintiff filed his original Complaint (Doc. 4) pro se, and as the Report details, service was not perfected for well over 18 months—not until after Plaintiff filed his First Amended Complaint. (Doc. 46, 1, 5–6.) Now proceeding through counsel, Plaintiff seeks to file a proposed Second Amended Complaint (Doc. 36-1), and opposes Defendants' motions to dismiss and motion for judgment on the pleadings. (Doc. 46, 6.)

The Report's extensive analysis begins by reviewing Plaintiff's First Amended Complaint[2] under 28 U.S.C. § 1915(e), which provides that after granting leave to proceed *in forma pauperis* the court may dismiss a case at any time if the complaint fails to meet certain requirements. (Doc. 46, 7); 28 U.S.C. § 1915(3)(2). The Report found that "Plaintiff's complaint should now be dismissed under § 1915(e)(2) because it is frivolous and because it fails to state a claim upon which relief may be granted." (Doc. 46, 7–8.) Specifically, as it applies to screening Plaintiff's First Amended Complaint under 28 U.S.C. § 1915(e), the Report finds as follows: (1) applying Ohio's two-year statute of limitations applicable to § 1983 claims, all events in Plaintiff's complaints occurring prior to June 3, 2007, are barred (Doc. 46, 10); (2) Plaintiff's claims against the newly identified Defendants are also barred by the two-year statute of limitations (Doc. 46, 12);(3) Plaintiff does not seek any particular relief, injunctive, monetary, or otherwise (Doc. 46, 13); (4) the claims against the HCJC fail to state a claim because it is not a "person" subject to suit under § 1983 (Doc. 46, 14); (5) the First

---

[2] Because they are nearly identical, this Court continues the Report's convention of referring to the original Complaint and Plaintiff's First Amended Complaint collectively as the "complaint." As the Report states, "the Court's references to Plaintiff's complaint applies equally to both documents." (Doc. 46, 9 n.8.)

3

and Fourteenth Amendment claims against the County Defendants fail to state a claim because Plaintiff never identifies any acts committed by them that allegedly violated his rights (Doc. 46, 16); (6) the claims against Defendant Buzek fail to state a claim because Plaintiff does not allege that he violated any of Plaintiff's constitutional rights (Doc. 46, 18); (7) the official-capacity claims against the County Defendants fail to state a claim because Plaintiff identifies no official policy or custom, or failure to train or supervise, attributable to Hamilton County (Doc. 46, 18); (8) the individual-capacity claims against Defendants Reed and Moore fail to state a claim because neither of them are mentioned in the complaint (Doc. 46, 19); (9) the individual-capacity claims against Defendant McElroy fail to state a claim because no acts allegedly committed by him were violations of Plaintiff's rights (Doc. 46, 20). For each of these reasons, the Report recommends that Plaintiffs' First Amended Complaint (Doc. 18) should be dismissed *sua sponte* under 28 U.S.C. § 1915(e). (Doc. 46, 38.)

Alternatively, the Report recommends that Defendants' motions to dismiss and motion for judgment on the pleadings should be granted. (Doc. 46, 38.) The Report concludes as follows: (1) Defendant Buzek's motion to dismiss should be granted because Plaintiff's complaint fails to comply with Rule 8 and because Plaintiff fails to allege that Defendant Buzek infringed his rights (Doc. 46, 22); (2) Defendant HCJC's motion to dismiss should be granted because it is not a person subject to suit under § 1983 (Doc. 46, 22); (3) the three County Defendants' motion for judgment on the pleadings should be granted because Plaintiff's claims are barred by the statute of limitations and because none of the allegations pertain to the Country Defendants, as opposed to unidentified male "officers" (Doc. 46, 23, 24).

4

Finally, the Report recommends that Plaintiff's motion to file a second amended complaint should be denied. (Doc. 46, 38.) The Report finds that most of the relevant factors disfavor amendment, including undue delay, lack of notice, a failure to cure deficiencies between Plaintiff's original and first amended complaints, undue prejudice to Defendants, and amendment would be futile because the proposed Second Amended Complaint fails to state a claim. (Doc. 46, 24, 29.) As to the issue of futility of amendment, the Report found that each of the three claims alleged in Plaintiff's proposed Second Amended Complaint fail to state a claim upon which relief can be granted for a whole variety of reasons. (Doc. 46, 30–31, 32–33, 34, 36.)

In sum, the Report makes three recommendations: (1) Plaintiff's First Amended Complaint (Doc. 18) should be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e); (2) Defendants' motions to dismiss and motion for judgment on the pleadings should be granted; and (3) Plaintiff's motion for leave to file a second amended complaint should be denied. (Doc. 46, 38.)

In response, Plaintiff raises three objections: (1) the complaints (all three of them—the original Complaint, the First Amended Complaint, and the proposed Second Amended Complaint) state a claim for relief against Defendant Buzek; (2) the complaints (all three of them) state a claim for relief against the County Defendants; and (3) granting Plaintiff's motion for leave to amend would not result in undue prejudice to the Defendants. (Doc. 49, 1–2.) The Court analyzes these objections seriatim.

## II.     Legal Analysis

The Court considers Plaintiff's Objection to the Report relative to motions to dismiss, a motion for judgment on the pleadings, and a motion to amend the complaint.

Accordingly, each relevant standard is detailed below.

### A. Report and Recommendation Standard

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1) (hanging paragraph). General objections are insufficient to preserve any issues for review; "'[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object.'" *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997) (quoting *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

### B. Rule 15 Motion to Amend Complaint Standard

Rule 15 of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "However, a motion to amend may be denied where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "'A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.'" *Id.* (quoting *Rose v. Hartford*

*Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).

### C. Rule 12(c) Motion for Judgment on the Pleadings Standard

When considering a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure Rule 12(c), "'all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'" *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n.*, 946 F.2d 1233, 1235 (6th Cir. 1991). "The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz*, 592 F.3d at 722; (citing *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511–12 (6th Cir. 2001)).

### D. Rule 12(b)(6) Motion to Dismiss Standard

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss, this Court must "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).

"[T]o survive a motion to dismiss, a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of

7

action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, *passim* (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

While the Court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The complaint need not contain detailed factual allegations, yet it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers labels and conclusions or merely a formulaic recitation of legal elements will not do. *Id.* Nor does a complaint suffice if it tenders naked assertions devoid of factual enhancement. *Id.* While a plaintiff need not plead specific facts, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations omitted) (quoting *Twombly*, 550 U.S. at 555).

### E. Plaintiff's First and Second Objections

Plaintiff's First and Second Objections state that all three complaints present proper claims for relief against Defendant Buzek and against the County Defendants

and that the Report was wrong for finding otherwise. (Doc. 49, 1.) These are general objections unsuitable for review.

The Sixth Circuit has held that an objection that simply states a magistrate's decision is wrong is equivalent to a general objection. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). That is precisely what Plaintiff's first two objections do. (*See* Doc. 49, 1.) Furthermore, a general objection is an "objection to the entirety of a magistrate's report, without specifying a single issue of contention." *Id.* at 509. Plaintiff's first two objections are general objections because they simply state that the magistrate's decision was wrong without specifying any issues of contention. *See id.* at 508, 509. "'The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.'" *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (quoting *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001)). The Sixth Circuit explained the rationale behind this rule as follows:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard*, 932 F.2d at 509; *see also Neuman v. Rivers*, 125 F.3d 315, at 323 (6th Cir. 1997).

Additionally, the vast majority of Plaintiff's specific arguments within his Objection are copied verbatim from his previous filings. (*Compare* Doc. 49, 4–5, *with* Doc. 38, 1–

9

2; *compare* Doc. 49, 5, *with* Doc. 38, 2–3; *compare* Doc. 49, 5–12, *with* Doc. 38, 3–9; *compare* Doc. 49, 12, *with* Doc. 37, 1–2; *compare* Doc. 49, 13, *with* Doc. 44, 4–5; *compare* Doc. 49, 14–17, *with* Doc. 38, 9–13; *compare* Doc. 49, 17–19, *with* Doc. 44, 5–7, *compare* Doc. 49, 21, *with* Doc. 43, 3; *compare* Doc. 49, 21, *with* Doc. 38, 13.) "A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004); *see also Evans v. Astrue*, No. 3:10-CV-67, 2011 WL 13453, at *2 (E.D. Tenn. Jan. 4, 2011) ("Because plaintiff simply recites, almost verbatim, the same arguments considered by [the] Magistrate Judge . . . . the Court does not consider plaintiff's arguments to be specific objections to the R & R and it will not engage in *de novo* review."). Furthermore, "[v]erbatim restatements of arguments addressed by the magistrate judge are not proper objections." *Alston v. Voorhies*, No. 07CV2284, 2010 WL 3895069, at *10 (Sept. 30, 2010 (N.D. Ohio). The Court has no obligation to review Plaintiff's arguments that are verbatim restatements of arguments already addressed by the magistrate judge in the Report. *Id.* Nonetheless, the Court has conducted a de novo review of each of these verbatim arguments, and they are all OVERRULED. With regard to Plaintiff's first two objections, the report is thorough, well reasoned, and correct. The Report is ADOPTED in this respect.

**F.**      **Plaintiff's Third Objection**

Because Plaintiff's Third Objection is somewhat more specific, and because, at least in part, it is not a verbatim argument already presented to the magistrate judge, the Court deems it a proper objection. *See VanDiver*, 304 F. Supp. 2d at 937; *Alston*,

2010 WL 3895069, at *10. Thus, it warrants de novo review. *See* Fed. R. Civ. P. 72(b)(3).

Plaintiff's Third Objection states, "The Magistrate's Report & Recommendation is erroneous where [it] finds that granting the Motion for Leave to Amend Complaint would result in undue prejudice to the Defendants." (Doc. 49, 2.) Here, Plaintiff argues that justice requires a grant of his motion for three specific reasons: "there is no bad faith in filing, no undue prejudice to opposing parties, and the amendments are not futile." (Doc. 49, 20); *see also Riverview Health Inst.*, 601 F.3d at 520 ("a motion to amend may be denied where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.").

### 1. Bad Faith

Plaintiff first argues that he has demonstrated no bad faith. More specifically, he maintains that any deficiencies in his previous complaints are excusable because they were filed pro se. (Doc. 49, 20.) While it is true that pro se pleadings should be "liberally construed," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), even pro se plaintiffs must comply with minimum pleading requirements, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), and "federal courts 'have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes made by those who proceed without counsel,'" *Branham v. Micro Computer Analysts*, 350 F. App'x 35, 38 (6th Cir. 2009) (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Regardless, the Court sees no overt bad faith on Plaintiff's part (although the lack of

11

dilatory motive is not so clear), but bad faith is only one factor to be considered here. *See Riverview Health Inst.*, 601 F.3d at 520.  Where the other factors weigh so heavily against Plaintiff, especially the futility of amendment, the absence of bad faith alone is not enough to warrant granting leave to amend.  *See id.*

### 2. Undue Prejudice

Plaintiff next argues that there is no undue prejudice to Defendants because the proposed Second Amended Complaint properly identifies the Defendants in this case and because it clarifies the original Complaint's allegations into a form that satisfies Rule 8.  (Doc. 49, 21.)  This argument ignores the Report's analysis on this issue, and once again, part of Plaintiff's objection here is a verbatim argument already considered by the magistrate judge.  (*Compare* Doc. 49, 21, *with* Doc. 43, 3.)  Furthermore, Plaintiff fails to address the Report's conclusion that "[t]he County Defendants would be even more prejudiced from the tardiness of this latest amendment."  (Doc. 46, 26.)  The Report states as follows:

> The proposed amendment contains new details relating to Defendants Reed and Moore and how they processed grievance forms, (Doc. 36-1, ¶¶ 68, 69), which forms have been destroyed in the normal course of business with the passage of time.  (Doc. 39, Ex. 1).  Similarly, any classification documents which would have explained the "who and why" of certain cell assignments during the years in dispute have been destroyed.  (*Id.*).  No individual defendant had any actual notice of the suit during the 688 days that elapsed between the filing of Plaintiff's original complaint and service of his first "amended" complaint.

(Doc. 46, 26.)  Plaintiff fails to address any of these points, (*see* Doc. 49), and upon de novo review, the Court finds no error here.  Accordingly, Plaintiff's objection is OVERRULED in this respect.

### 3. Futility of Amendment

Finally, in one sentence, Plaintiff argues that "the Amendment is not futile because it cures omissions in the *pro se* pleadings and it identifies the proper parties to this action." (Doc. 49, 21.) While it may be true that the proposed Second Amended Complaint cures omissions and identifies the proper parties, the Report concluded that amendment would be futile for many others reasons (Doc. 46, 30–31, 32–33, 34, 36), none of which Plaintiff specifically addresses. For example, the Report finds that no constitutional violation was stated against Defendant McElroy because the allegation that he deliberately housed Plaintiff with a "disrespectful homosexual" does not rise to the level of a constitutional violation. (Doc. 46, 30.) Similarly, Plaintiff fails to state a claim against Defendants Moore and Reed because he never connects any of his new allegations with a time period not barred by the statute of limitations and he never connects the pertinent claims with any particular actions taken by these Defendants. (Doc. 46, 31.) The Report's thorough analysis continues with many further demonstrations of why Plaintiff's proposed Second Amended Complaint fails to state a claim upon which relief can be granted. (Doc. 46, 32–33, 34, 36.) Plaintiff addresses none of these points, (*see* Doc. 49) and upon de novo review, the Court finds no error in the Report. In this respect, Plaintiff's objection is OVERRULED, and in sum, the entirety of Plaintiff's Third Objection is OVERRULED as well.

## III. Conclusion

Having reviewed this matter de novo in accordance with Rule 72 of the Federal Rules of Civil Procedure, it is **ORDERED** that Magistrate Judge Stephanie K. Bowman's February 1, 2012, Report (Doc. 46) is hereby **ADOPTED**. Plaintiff's Objection (Doc. 49)

is **OVERRULED**. As the Report recommends (Doc. 46, 38), Plaintiff's First Amended Complaint (Doc. 18) is dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e). To the extent that any of Plaintiff's claims are construed to survive initial screening, Defendant Daniel Buzek's Motion to Dismiss (Doc. 23), Defendant Hamilton County Justice Center's Motion to Dismiss (Doc. 32), and the Motion for Judgment on the Pleadings of Defendants McElroy, Reed, and Moore (Doc. 35) are all **GRANTED**. Finally, Plaintiff's Motion for Leave to Amend Complaint (Doc. 36) is **DENIED**. This matter is **CLOSED**.

    **IT IS SO ORDERED**.

*s/Michael R. Barrett*
United States District Judge